UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Petitioners, <br> v. <br> ALLAN D. TERVORT, <br><br> Respondent. | 1:07-cv-01295-OWW-SMS <br><br> ORDER DISCHARGING ORDER TO SHOW CAUSE (DOC. 3) <br><br> ORDER DENYING RESPONDENT'S MOTIONS FOR CONTINUANCE, FOR TRIAL BY JURY, AND ASSIGNMENT OF DISTRICT JUDGE (DOCS. 9, 10, 11) <br><br> FINDINGS AND RECOMMENDATION RE: PETITION TO ENFORCE IRS SUMMONS and MOTION TO DISMISS, (DOCS. 1, 8) |

Petitioners are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(9) and 72-303. Pending before the Court is a petition to enforce a summons issued by the Internal Revenue Service (IRS).

On September 6, 2007, Petitioners United States of America and revenue officer Mike Goode filed a petition to enforce an IRS summons. Pursuant to Petitioners' request, on September 19, 2007, the Court issued an order to show cause (OSC) to Respondent to appear and respond to the petition, which was served along with the petition and associated documents on Respondent on September 27, 2007. The order required Respondent to serve his written

1

response within twenty-one days of service upon him of the OSC. Respondent failed to file his opposition timely; instead, on October 29, 2007, Respondent filed a motion to dismiss. Petitioners filed a reply on the same date.

Respondent filed a document on October 29, 2007, in which he declined to consent to the jurisdiction of a Magistrate Judge to conduct all further proceedings in the case, including trial and the entry of judgment.

Petitioners replied on October 29, 2007, and requested that the motion to dismiss be stricken as untimely; Petitioners also argued on the merits that the motion was without merit.

On October 31, Respondent filed a motion for a trial by jury.

On October 31, 2007, Respondent also moved a for a continuance to allow the appointment of a new judge, participation in the jury selection process, and discovery. No specific date was prayed for, and no hearing date was noticed by Respondent.

On November 2, 2007, the hearing on the order to show cause was held; a briefing schedule and a further hearing were set. Thereafter, the Petitioners filed a reply on November 16, 2007, and Respondent filed a brief and supplementary brief on November 21 and 27, respectively.

On November 30, 2007, the order to show cause, petition, and motions to continue and jury trial came on for hearing at 9:41 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge. Stephanie Borchers and IRS agent Mike Goode appeared on behalf of Petitioners; Respondent appeared on

behalf of himself. After argument the matter was submitted to the Court.

### I. Discharging Order to Show Cause

Respondent having appeared pursuant to the order to show cause, it IS ORDERED that the order to show cause BE DISCHARGED.

### II. Motion for Continuance

As the following analysis will demonstrate, Respondent has no right to a jury trial or the appointment of a District Judge; further, there is no apparent need for discovery. Respondent was given a substantial amount of time for briefing after the hearing before Judge Beck. Finally, the Court notes that at the hearing before the undersigned Magistrate Judge, Respondent did not indicate any need for any further time with respect to the pending petition or motion to dismiss.

Accordingly, Respondent's motion for a continuance IS DENIED.

### III. Motion for a Jury Trial

Respondent does not cite any binding authority in support of his contention that he is entitled to a jury trial in this case.

It is established that the enforcement of a summons generally is and should be a summary proceeding to which the taxpayer has few defenses. United States v. Stuart, 489 U.S. 353, 369 (1989).

The Seventh Amendment provides that in all suits at common law, where the controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. However, the Seventh Amendment concerning the right to jury trial is interpreted to refer to suits in which legal rights are to be ascertained and

3

determined, as distinct from suits in which equitable rights alone are being recognized, and equitable remedies are being administered. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989). A suit either to quash a summons or to enforce the summons is equitable in nature; it is in essence a mandatory injunction proceeding that is equitable in character which is traditionally triable by a court alone without the aid of a jury. Kennedy v. Rubin, 254 F.Supp. 190, 194 (D.C.Ill. 1966). Thus, denial of a request or motion for a jury trial in a proceeding to enforce an IRS summons is appropriate. Id.

Further, the Respondent's adversary is the federal government, and it is established that the Seventh Amendment right to trial by jury does not apply in actions against the federal government. Lehman v. Nakshian, 453 U.S. 156, 160 (1981). A plaintiff in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute. Id. at 168. Although in this instance the government is proceeding against the Respondent, there is no provision in the governing statutes for a jury trial in either this proceeding or in related proceedings concerning motions by the taxpayer to quash such a summons, where the person summoned would be asking for relief against the United States.

Accordingly, the Court concludes that Respondent's motion for a jury trial IS DENIED.

IV. Request for District Judge

Respondent declined to consent to a Magistrate Judge's presiding over this action. Respondent also asked for a

4

1  continuance for the appointment of a District Judge. At the
2  hearing, Respondent clarified that in so doing his intent was not
3  to accuse the undersigned of anything or to reflect on the Court;
4  rather, he had the option of choosing a District Judge or
5  Magistrate Judge, and he chose a District Judge.
6      Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, a
7  Magistrate Judge is authorized to hear and determine pretrial
8  matters that are not dispositive of a claim or defense; a
9  Magistrate Judge has no authority to hear and determine a motion
10 for injunctive relief. However, with respect to dispositive
11 matters or any matter as to which a Magistrate Judge lacks the
12 authority to determine, it is sufficient if the Magistrate's
13 findings and recommendations are reviewed <u>de novo</u> by the District
14 Judge. <u>See</u>, <u>Bhan v. NME Hospitals, Inc.</u>, 929 F.2d 1404, 1414 (9th
15 Cir. 1991).
16     Here, the undersigned Magistrate Judge has considered this
17 matter pursuant to Rule 72-302(c)(9) of the Local Rules of the
18 United States District Court, Eastern District of California,
19 which provides that duties to be performed by Magistrate Judges
20 in civil matters include petitions to enforce IRS summonses filed
21 pursuant to 26 U.S.C. §§ 7402 and 7604(a). Pursuant to Local Rule
22 72-304, Respondent will have the opportunity to file objections.
23     Accordingly, Respondent's request or motion for a District
24 Judge IS DENIED.
25     V. <u>Motion to Dismiss</u>
26     Respondent contends that this Court lacks jurisdiction over
27 this matter because Petitioners have not "proven" jurisdiction.
28     The district courts have jurisdiction to order compliance

5

1  with a summons issued by the IRS to investigate a taxpayer's
2  federal income tax liability. 26 U.S.C. §§ 7602, 7402(b),
3  7604(a); <u>Church of Scientology of California v. United States</u>,
4  506 U.S. 9, 12 n. 4 (1992); <u>United States v. Derr</u>, 968 F.2d 943,
5  945 (9th Cir. 1992). Section 7604(a) expressly provides that the
6  district court of the district in which the person resides or is
7  found shall have jurisdiction by appropriate process to compel
8  attendance, testimony, or production in response to an internal
9  revenue service subpoena.

10     Respondent admitted on the record at the hearing that he
11 resides at 6275 Holiday Avenue, Rosemond, California; the Court
12 takes judicial notice that Respondent thus resides within the
13 district. The Court may take judicial notice of facts that are
14 capable of accurate and ready determination by resort to sources
15 whose accuracy cannot reasonably be questioned. Fed. R. Evid.
16 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th
17 Cir. 1993).

18     Further, notice or service of any of the documents is not in
19 issue; it appears that Respondent, who resides within the
20 district, received adequate notice of the proceedings.

21     Respondent contends that he is not a citizen of the United
22 States, as distinct from a citizen of any state. However, even if
23 that were true, Respondent has cited no authority, and the Court
24 is aware of none, that citizenship is any requirement of, or
25 defense to, an IRS subpoena. Respondent is a "person" within the
26 meaning of § 7604(a).

27     Respondent argues that he has never accepted the assignment
28 of a Social Security number because of religious convictions.

6

Again, the Court is not aware of any authority to the effect that issuance of a Social Security number is required in order for a taxpayer to be subject to a summons or to the jurisdiction of this Court.

The Court concludes that no further establishment of jurisdiction is required. Accordingly, the Court rejects Respondent's challenge to this Court's jurisdiction.

VI. <u>Findings and Recommendation re: Petition to Enforce IRS Summons</u>

To defeat a motion to quash, or to enforce an IRS summons, the government has the initial burden of proving that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to the purpose; (3) seeks information not already within the IRS's possession; and (4) satisfies all of the administrative steps required by the Internal Revenue Code. <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964). The government's burden is a slight one that may be satisfied by a declaration from the investigating agent that these requirements have been met. <u>United States v. Abrahams</u>, 905 F.2d 1276, 1280 (9th Cir.1990); <u>Liberty Financial Servs. v. United States</u>, 778 F.2d 1390, 1392 (9th Cir.1985). Once the prima facie case is made, a heavy burden falls upon the taxpayer to show an abuse of process, <u>Abrahams</u>, 905 F.2d at 1280; <u>Liberty Financial</u>, 778 F.2d at 1392, or the lack of institutional good faith, <u>Anaya</u>, 815 F.2d at 1377. <u>United States v. Dynavac, Inc.</u>, 6 F.3d 1407, 1414 (9th Cir. 1993).

Here, agent Goode declared that as a duly commissioned revenue officer employed by the IRS, he was authorized to issue

7

1  the IRS summons pursuant to 26 U.S.C. § 7602; he did so in the
2  course of conducting an investigation to gather financial
3  information on Respondent to aid in the collection of his
4  assessed income tax for tax years 2001 through 2003; Goode was
5  informed and believed that Respondent had knowledge and documents
6  that would aid in carrying out the investigation and that were
7  not in the government's possession; Respondent failed to comply
8  with the summons; and all administrative steps required by the
9  IRS had been undertaken.

10      Petitioners have thus established that the subpoena was
11 issued for a legitimate purpose and seeks information relevant to
12 the purpose that is not already within the IRS's possession;
13 further, it is demonstrated that all of the administrative steps
14 required by the Internal Revenue Code have been satisfied. A
15 prima facie case has been made. United States v. Dynavac, Inc., 6
16 F.3d 1407, 1414 (9th Cir. 1993).

17      Respondent has not submitted any evidence of bad faith or
18 improper purpose.

19      Accordingly, the Court finds that enforcement of the IRS
20 summons should be ordered.

21      VII. Recommendation

22      Accordingly, it IS RECOMMENDED that

23      1) Respondent's motion to dismiss BE DENIED; and

24      2) Petitioners' petition to enforce the IRS summons BE
25 GRANTED; and

26      3) Respondent BE ORDERED to appear in obedience to the
27 summons on February 21, 2008, at 10:00 a.m. at the IRS office at
28 4825 Coffee Road, Bakersfield, California 93308.

1  This report and recommendation is submitted to the United
2 States District Court Judge assigned to the case, pursuant to the
3 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
4 Local Rules of Practice for the United States District Court,
5 Eastern District of California. Within thirty (30) days after
6 being served with a copy, any party may file written objections
7 with the Court and serve a copy on all parties. Such a document
8 should be captioned "Objections to Magistrate Judge's Findings
9 and Recommendations." Replies to the objections shall be served
10 and filed within ten (10) <u>court</u> days (plus three days if served
11 by mail) after service of the objections. The Court will then
12 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
13 (b)(1)(C). The parties are advised that failure to file
14 objections within the specified time may waive the right to
15 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
16 1153 (9th Cir. 1991).

18 IT IS SO ORDERED.
19 **Dated:    December 5, 2007**               /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE